UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George N. S. Jones, Sr., | C/A No. 9:25-cv-02808-MGL-MHC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lt. J. Johnson, South Department of Corrections, Warden Kenneth Nelson, Warden Duncan, | |
| Defendants, | |

This a civil action filed by Plaintiff George N. S. Jones, Sr., a state prisoner who is proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In the Proper Form Order dated June 2, 2025, Plaintiff was directed to bring his case into proper form by providing the specified documents. Plaintiff was also notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 5. The time for Plaintiff to bring his case into proper form has passed, Plaintiff has failed to bring his case into proper form, and he has not filed an amended complaint.

### I.     BACKGROUND

Plaintiff is currently an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections (SCDC). He brings claims against Defendants SCDC and SCDC employees Lt. J. Johnson (Johnson), Warden Kenneth Nelson (Nelson), and Warden Duncan (Duncan). He alleges that the events giving rise to his claims arose at the Broad River Correctional Institution of SCDC and the Chester Hospital from March 20 to May 20, 2024. Plaintiff asserts that he was feeling "sickly and weak" with a low heart rate and low blood pressure,

went to medical at SCDC, was transported by ambulance to the Chester Hospital, and remained at the Chester Hospital for 60 days. He claims that his personal property was moved from his room to the dayroom, after which it was taken. Plaintiff appears to allege that the standard SCDC procedures of taking personal items to property control for safekeeping were not followed. ECF No. 1 at 4-5.[1]

Plaintiff requests that he be reimbursed for his missing property (including his television, long white towels, four toothpaste tubes, and cocoa butter soaps). He also requests "[p]unitive damages for not doing their jobs of protecting and safe keeping [his] properties in property control." ECF No. 1 at 6.

## II.     STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc.*

---

[1] Plaintiff alleges that his injuries were "falling out, weakness, and needed assi[]stance to walking (Physical Therapy[)]" while in the Chester Hospital those 60 days." ECF No. 1 at 6. However, there is no indication that these injuries were a result of the alleged taking of his personal property (which allegedly occurred after he was transported to Chester Hospital).

*Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.	DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.	Lack of Jurisdiction

This action is subject to summary dismissal because Plaintiff fails to provide a basis for federal court jurisdiction. Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff has not alleged diversity jurisdiction as he and all Defendants appear to be citizens of South Carolina. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).

Plaintiff also fails to establish federal question jurisdiction because he fails to allege any facts to indicate that any federal constitutional or statutory right was violated by Defendants. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In response to the question on the complaint form asking him to list the federal constitutional or statutory rights he alleges were violated by state officials, he wrote:

> My property was stolen while in the hands of S.C.D.C. correctional officers as I was in The Chester Hospital for 60 days (3/20/24 to 5/20/24[)].

ECF No. 1 at 4. Conclusory statements, without supporting facts or citation to specific legal precedent establishing a cause of action they seek to pursue, fail to adequately establish federal question jurisdiction under Rule 8. *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).

B.     Failure to State a Claim

Even if Plaintiff can establish federal jurisdiction, he fails to state a claim against the named Defendants. Although Plaintiff lists Defendants' names in the caption of his Complaint and his list of Defendants, his pleadings fail to provide any specific facts to support a claim that Defendants violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Plaintiff alleges that Defendant Johnson "knew when it took place[,]" but fails to allege any facts to indicate that Johnson violated any of his federal constitutional or statutory rights. He asserts no facts as to what Defendants SCDC, Nelson, and Duncan allegedly did or failed to do. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse

discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

C.  Property Claims

Additionally, this action should be summarily dismissed because Plaintiff fails to state a claim as to the alleged loss of his personal property. He appears to allege a claim for negligent deprivation of property by a prison official, but such a claim does not implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 332, 335–36 (1986) (holding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original)).

Even if Plaintiff is attempting to allege a claim of intentional deprivation of property, such action by a prison official does not state a constitutional due process claim, provided that the prisoner has access to an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (concluding that "intentional deprivations do not violate [the Due Process] Clause provided, of course, that adequate state post-deprivation remedies are available"). Plaintiff has remedies under South Carolina law to obtain relief for the alleged taking of his personal property by bringing a tort action in state court or proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15–78–10 *et seq*. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008) (state courts are available for property claims and the State process is constitutionally adequate); *see also Plumer v. State of Maryland*, 915 F.2d 927, 930–31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process).

D.	Failure to Follow SCDC Rules or Policies

Plaintiff may be attempting to allege that one or more of the Defendants failed to follow SCDC rules or policies because his personal items were not taken to property control. However, such claims are not actionable in a § 1983 action because a violation of SCDC policies and/or procedures does not constitute a violation of Plaintiff's constitutional rights. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992); *cf. Johnson v. S.C. Dep't of Corrs.*, No. 06B2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) (A plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation.) (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

E.	State Law Claims

Plaintiff may be attempting to allege claims under South Carolina law for negligence. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. §1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). Of course, a district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...". 28 U.S.C. § 1332. However, all parties appear to be citizens of South Carolina (*see* ECF No. 1 at 2-3) such that Plaintiff has not alleged complete diversity of the parties.

Thus, there is no complete diversity, and Plaintiff may not bring his claims pursuant to § 1332. As Plaintiff has asserted no valid federal claim and there is no diversity jurisdiction, this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C.

§ 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

F.      Failure to Bring Case Into Proper Form

As noted above, Plaintiff has also failed to bring this case into proper form. In the Court's Proper Form Order dated June 2, 2025, Plaintiff was given the opportunity to bring his case into proper form by completing a summons form listing Defendants Warden Kenneth Nelson and Warden Duncan[2] and submitting a completed and signed Form USM-285 for each Defendant. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 5.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required items to bring his case into proper form or respond to the Proper Form Order in any way. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

---

[2] Plaintiff submitted a summons form for Johnson and SCDC. *See* ECF No. 3 at 1.

7

## IV. <u>RECOMMENDATION</u>

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without further leave to amend,[3] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

July 11, 2025
Charleston, South Carolina

---

[3] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).